UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAFIULLAH JAMSHIDY,<br><br>Plaintiff,<br><br>v.<br><br>MORSAL JARNSHIDY ORUZGAMI, et al.,<br><br>Defendants. | No.  2:25-cv-00273 DJC CKD (PS)<br><br><u>ORDER TO SHOW CAUSE</u> |

Plaintiff initiated this action on January 23, 2025, with a fee-paid complaint arising out of harm allegedly caused by a conspiracy against him. ECF No. 1.  Because plaintiff proceeds without counsel, this matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

Plaintiff alleges that on November 8, 2023, defendants Mohammad Taib Miskinyar, Hamasa Ourzgani, Nasratullah Mimskinyar, Sorosh Jamshidy, and Morsal Jamshidy "conspired to falsely accuse me of criminal behavior, specifically through fabricated claims by Morsal Jamshidy that I grabbed aggressively her." <u>Id</u>. at 7. Plaintiff alleges that this "was part of a broader conspiracy designed to harm my reputation, livelihood, and safety." <u>Id</u>. Plaintiff alleges that the amount in controversy is $87,000 based on medical expenses for his mother, lost and stolen property, and "financial losses." <u>Id</u>. at 8. Plaintiff asserts the basis of federal jurisdiction as

1

"Department of Homeland Security and FBI." Id. at 4.

The federal courts are courts of limited jurisdiction, and a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In this case, plaintiff and all defendants appear to be California residents, thus defeating any possibility of diversity jurisdiction[1]. ECF No. 1 at 2, 3. As to a federal question presented, plaintiff merely points to two federal agencies: the Department of Homeland Security and the FBI. Id. at 4. This is wholly inadequate.

Because there is no basis for federal jurisdiction evident in the complaint, plaintiff will be ordered to show cause why this action should not be dismissed. Failure to allege a proper basis for jurisdiction will result in a recommendation that the action be dismissed.

In addition, on February 18, 2025, plaintiff filed a request for service by the United States Marshal, despite having returned executed summonses on February 4, 2025. ECF Nos. 9 and 10. Defendants Mohammad Taib Miskinyar, Hamasa Ourzgani, Nasratullah Miskinyar, Sorosh Jamshidy, and Morsal Jamshidy filed an answer on March 12, 2025, as well as motions to proceed in forma pauperis. ECF Nos. 10, 11, 12, 13, 14, 15.

Because the defendants were already served with process, the court will deny plaintiff's motion for service by the United States Marshal. Further, the court will deny defendants' motions to proceed in forma pauperis as moot as the defendants are not required to make any payments to the court for this lawsuit, and the plaintiff is being required to establish federal jurisdiction before

---

[1] Additionally, plaintiff's claimed damages of $87,000, appear to lack a basis in fact or law.

this action can proceed.

  Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty (30) days of this Order, plaintiff shall show cause why this action should not be dismissed for lack of jurisdiction.
2. Plaintiff's motion for service by the United States Marshal (ECF No. 9) is DENIED as moot.
3. Defendants' motions to proceed in forma pauperis (ECF 11, 12, 13, 14, 15) are DENIED as moot.

Dated: March 24, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD.Jamshidy-nojuris

3