UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAFIULLAH JAMSHIDY,<br><br>Plaintiff,<br><br>v.<br><br>MORSAL JARNSHIDY ORUZGAMI, et al.,<br><br>Defendants. | No. 2:25-cv-00273 DJC CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff initiated this action on January 23, 2025, with a fee-paid complaint arising out of harm allegedly caused by a conspiracy against him. ECF No. 1. Because plaintiff proceeds without counsel, this matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. On March 24, 2025, the Court directed plaintiff to show cause why this action should not be dismissed for failure to establish federal jurisdiction. (ECF No.17.) On March 28, 2025, plaintiff filed a "Notice of Facts" which the court has considered. (ECF No. 18.) The Court finds that the complaint fails to state a claim and fails to establish federal jurisdiction. The Court further finds that amendment on the facts and legal theories it contains would be futile. The undersigned therefore recommends this action be dismissed without leave to amend.

**I.   Allegations**

As set forth in the Order to Show Cause issued on March 24, 2025, plaintiff's complaint

1

alleges that on November 8, 2023, defendants Mohammad Taib Miskinyar, Hamasa Ourzgani, Nasratullah Mimskinyar, Sorosh Jamshidy, and Morsal Jamshidy "conspired to falsely accuse me of criminal behavior, specifically through fabricated claims by Morsal Jamshidy that I grabbed aggressively her." ECF No. 1 at 7. Plaintiff alleges that this "was part of a broader conspiracy designed to harm my reputation, livelihood, and safety." Id. Plaintiff alleges that the amount in controversy is $87,000 based on medical expenses for his mother, lost and stolen property, and "financial losses." Id. at 8. Plaintiff asserts the basis of federal jurisdiction as "Department of Homeland Security and FBI." Id. at 4.

In the "Notice of Facts" filed on March 28, 2025, plaintiff seems to assert that Department of Homeland Security (DHS) failed to "act on credible threats" he apparently reported about "individuals with direct ties to Iran and terrorist organizations." (ECF No. 18 at 1.) Plaintiff asserts that after he reported the threats he "became the target of retaliation, including threats from Iran and Afghanistan, defamation, and legal abuse by [his] wife's family." (Id at 2.)

## II.     Legal Standards

As plaintiff was already informed, the federal courts are courts of limited jurisdiction, and a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In this case, plaintiff and all defendants appear to be California residents, thus defeating any possibility of diversity jurisdiction[1]. ECF No. 1 at 2, 3. As to a federal question presented, plaintiff merely points to two federal agencies: the Department of Homeland Security and the

---

[1] Additionally, plaintiff's claimed damages of $87,000, appear to lack a basis in fact or law.

FBI. (ECF No. 1 at 4).

The court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Therefore, plaintiff's complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008). See also Barefield v. HSBC Holdings PLC, 2018 WL 3702307, at *4 (E.D. Cal. 2018).

In order to state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege a right secured by the Constitution or laws of the United States was violated by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Private parties generally do not act under color of state law. Fonseca v. Kaiser Permanente Med. Cntr. Roseville, 222 F.Supp.3d 850, 861 (E.D. Cal. 2016), citing Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). All of the defendants named in plaintiff's complaint appear to be private parties. (ECF No. 1 at 2-3.)

In sum, while plaintiff may be dissatisfied with the actions or inactions of DHS, the gravamen of his complaint is that his family conspired against him and caused financial, emotional, and physical damage. (ECF No. 1 at 7.)   The fact that DHS may have been the recipient of information that plaintiff believes caused his family to turn against him is wholly insufficient to establish federal question jurisdiction.

### III.    Leave to Amend

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); see Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995). The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th


Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Given the defects noted herein, and the fact that the court has already granted plaintiff an opportunity to establish federal jurisdiction to no avail, granting leave to amend would be futile in this instance.

In addition, IT IS RECOMMENDED:

1. Plaintiff's complaint (ECF No. 1) be dismissed without leave to amend for failure to state a claim and failure to establish this court's jurisdiction.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 29, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD.Jamshidy-nojurisFR